UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Case No. 5:21-cr-18-JMH |
| v. | ) ) | |
| JYMIE S. SALAHUDDIN, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) ) | |

\*\*\*

This matter is before the Court on Defendant Jymie S. Salahuddin's motion to suppress evidence resulting from a search of his vehicle on September 19, 2020. [DE 22]. The Court held an evidentiary hearing on the motion on July 12, 2021, during which the United States presented testimony from Lexington Police Department Officers Jacob Webster and Daniel True, whom the Defendant cross-examined. Defendants offered no evidence. At the close of the hearing, and after considering the parties' pleadings, sworn testimony, and evidence, the Court orally denied the motion. This Memorandum Opinion and Order supplements the Court's oral ruling.

**I. FACTUAL AND PROCEDURAL HISTORY**

On September 19, 2020, Lexington Police Office Jacob Webster observed a grey Lexus in the back parking lot of the La Quinta Inn motel on Stanton Way in Lexington, Kentucky. The Lexus was parked

next to another car, and several people were gathered outside of the two vehicles, including the Defendant. A couple of days before this encounter, Officer Webster's beat partner, Officer True, ran the tag of the same grey Lexus in the La Quinta Inn's parking lot and discovered that its registered owner, Jymie Salahuddin, had an active arrest warrant for a parole violation. Officer True shared this information with Officer Webster, so Officer Webster recognized the grey Lexus as the one belonging to Salahuddin when he entered the rear parking lot. And because Officer Webster had already looked up a picture of Salahuddin on the inmate website for the Fayette County Detention Center, he also recognized the Defendant as Salahuddin.

Shortly after Officer Webster entered the parking lot, the Defendant got into the grey Lexus and began to drive away. Officer Webster initiated a traffic stop based on the active warrant, and the Defendant pulled into a Shell gas station approximately three-tenths of a mile away from the motel. Once the vehicle was stopped, Officer Webster approached the Defendant, who was sitting in his vehicle with the door open. The Defendant initially told Officer Webster that his name was "Dale Lee Smith" and provided a false date of birth and social security number. The Defendant also claimed the vehicle and its contents belonged to another person whose name he did not know.

2

At this point, Officer True arrived at the Shall gas station to assist Officer Webster. Together, the Officers pulled up a picture of someone named Dale Lee Smith from the Fayette County Detention Center website and compared it with the Defendant and the picture of Jymie Salahuddin. Officer Webster testified that the picture of Dale Lee Smith somewhat resembled the Defendant, but he was not convinced that it was the same person.

Skeptical of the Defendant's representations, Officer Webster asked to search the glove box of the Lexus for any identifying information, and the Defendant consented. During this limited search, Officer Webster observed a lockbox inside the glovebox, although he did not search it. Officer Webster testified that he pointed out the lockbox to Officer True because, in his experience, they typically contained "drugs, guns, money, things of that nature" when inside a person's car. The Defendant was detained during this search as the officers sought to confirm his identity. The Officers also testified that several people associated with the Defendant showed up at the gas station and were trying to convince the Officers that the Defendant was not Jymie Salahuddin.

At some point after the limited search of the Lexus's passenger compartment, the Defendant advised the officers that someone back at the motel could vouch for his identity or that he could pick up his identification card there. Based on this, Officers Webster and True drove the Defendant back to the motel,

leaving the Lexus parked and locked at the Shell gas station. While at the motel, Officer Webster eventually determined that the Defendant was, in fact, Jymie Salahuddin, and he arrested the Defendant based on the parole violation warrant.

During a search incident to arrest of the Defendant, Officer Webster recovered approximately 80 gram of cocaine in multiple baggies, along with a pipe and approximately $3,730. Officer Webster testified that in his training and experience, that amount of cocaine was consistent with distribution and not personal consumption.

After the Defendant's arrest at the motel, Officer Webster placed the Defendant in the back of his cruiser, and together with Officer True, returned to the Shall gas station, where the Defendant's Lexus was still parked. Sergeant Elam, the Officers' supervisor, also arrived on the scene. The Officers conducted a search of the vehicle and its contents, which is the subject of the instant motion to suppress. That search yielded two firearms and additional $5,000, bundled into five stacks of $1,000.

On February 24, 2021, a federal grand jury returned an indictment against the Defendant, charging him with one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A), and one count of being a convicted felon in

4

possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Salahuddin filed the instant motion to suppress the evidence recovered from the search of his vehicle. [DE 22]. The United States responded to the motion, [DE 23], and the Defendant filed a reply. [DE 29]. The Court held an evidentiary hearing on the matter on July 12, 2021. The United States presented testimony from Officer Webster and Officer True as well as video clips of the encounter captured by Officer Webster's body worn camera. The Defendant offered no evidence.

## II. STANDARD OF REVIEW

Suppression of evidence is appropriate when evidence is obtained in violation of a defendant's constitutional rights. *See Mapp v. Ohio*, 367 U.S. 643 (1961). "The burden of production and persuasion rests on the person seeking to suppress evidence." *United States v. Smith*, 783 F.2d 648 (6th Cir. 1986) (citing *United States v. Arboleda*, 633 F.2d 985, 989 (2d Cir. 1980)). However, once the defendant has made the basis for the motion, the Government has the burden of proving that there was not a constitutional violation. *See United States v. Haynes*, 301 F.3d 669, 677 (6th Cir. 2002) ("The Government has the burden of proof to justify a warrantless search."). And "the controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence." *United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974).

## III. ANALYSIS

Salahuddin argues that the search of his vehicle was unreasonable under the Fourth Amendment and that the evidence seized therein should be suppressed as a consequence. The United States points to two alternative exceptions to the Fourth Amendment's warrant requirement to demonstrate that the search was lawful.

When addressing the reasonableness of a warrantless search, the Court begins with the basic rule that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). Two alternative exceptions are relevant to this case: search incident to a lawful arrest and the automobile exception.

### a. Search Incident to a Lawful Arrest

First, "[t]he search incident to lawful arrest exception is primarily intended to ensure that a suspect does not have immediate access to weapons or the ability to destroy evidence." *United States v. Latham*, 763 Fed. App'x 428, 430 (6th Cir. 2019) (citing *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 173 L.Ed.2d 485 (2009)). However, the United States Supreme Court in *Gant* went on to hold that "we also conclude that circumstances unique to the

vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Gant*, 556 U.S. at 343. As such, under this exception "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or if it is reasonable to believe the vehicle contains evidence of the offense of arrest*." *Id*. at 351 (emphasis added). While the Sixth Circuit has not expressly stated the meaning of the phrase "reasonable to believe" in the context of the search incident to a lawful arrest exception, it has stated that a "reasonable belief standard" is "lesser" than a probable cause standard. *United States v. Pruitt*, 458 F.3d 477, 482 (6th Cir. 2006).

Here, Officers Webster and True possessed the requisite reasonable belief that evidence of Salahuddin's crime of possession of cocaine with intent to distribute would be found in the vehicle he had just been driving. As such, the warrantless search is lawful under the second part of the search incident to a lawful arrest exception outlined in *Gant*: "[p]olice may search a vehicle incident to a recent occupant's arrest . . . if it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Gant*, 556 U.S. at 351. Officer Webster testified that he uncovered more than 80 grams of cocaine and a large amount of

7

cash on Salahuddin's person during a search incident to arrest. And Salahuddin was the sole occupant in the vehicle until he was detained by Officer Webster, where he remained until the search incident to arrest that produced the cocaine and cash. During the time of Salahuddin's arrest, the vehicle remained locked and in the same position it was in when Salahuddin and Officer Webster returned to the motel to further investigate Salahuddin's identity. In addition, it is worth noting that Officer Webster and Salahuddin only left the vehicle at the gas station so that he could return the motel to further investigate whether the Defendant was, in fact, Salahuddin. Based on these facts, it was reasonable for Officer Webster to believe that Salahuddin's vehicle would contain evidence of drug trafficking.

Accordingly, the Court finds that Officer Webster's search of Salahuddin's vehicle falls under the search incident to a lawful arrest exception to the Fourth Amendment's warrant requirement.

**b. Automobile Exception**

Second, under the automobile exception to the Fourth Amendment's warrant requirement "police may conduct a warrantless search as long as they have probable cause to believe that the vehicle contains evidence of a crime." *United States v. Brooks*, 987 F.3d 593, 599 (6th Cir. 2021) (citing *California v. Acevedo*, 500 U.S. 565, 569 (1991)). "Probable cause exists when there is a 'fair probability that contraband or evidence of a crime will be

8

found in a particular place.'" *Smith v. Thornburg*, 136 F.3d 1070, 1074 (6th Cir. 1998) (quoting *United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1995)). The Court looks to the totality of the circumstances to determine whether such a fair probability exists. *United States v.* Keeling, No. 18-6004, 2019 WL 3731652, at *5 (6th Cir. Aug. 8, 2019) (citing United *States v. Cope*, 312 F.3d 757, 775 (6th Cir. 2002)). The exception is rooted in the transitory nature of vehicles. *Brooks*, 987 F.3d at 599. As such, "[a]n automobile search is not 'unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained.'" *United States v. Arnold*, 442 F. App'x 207, 210 (6th Cir. 2011) (quoting *United States v. Ross*, 456 U.S. 7998, 809 (1982)).

Here, the totality of the facts and circumstances known to the officers before they searched Salahuddin's vehicle were sufficient to establish a fair probability that the officers would find contraband or evidence of drug trafficking therein. *See Cope*, 312 F.3d at 775. At the moment Officer Webster decided to search Salahuddin's vehicle, he was aware of the following: (1) Salahuddin possessed at the time of his arrest a large amount of both cocaine and cash; (2) Salahuddin had been driving the vehicle immediately prior to being detained by Officer Webster, where he remained until the officers performed the search of his person that produced the cocaine and cash; (3) Salahuddin attempted to distance himself

9

from the vehicle, insisting that the vehicle and its belongings belonged to another person who he did not know; (4) Salahuddin left the parking lot in his vehicle soon after observing Officer Webster's marked police car enter the motel parking lot; and, finally, (5) Officer Webster observed a lockbox in the glove compartment of the vehicle, and, in his experience with lockboxes inside cars, they typically held drugs, guns, money, or other items of that nature.

Accordingly, the Court finds that Officers Webster and True had probable cause to believe Salahuddin's vehicle would contain evidence of a crime, and the search was additionally justified under the automobile exception.

## IV. CONCLUSION

Taking all the factors surrounding the search of Salahuddin's car, the search was justified both under the search incident to a lawful arrest exception and the automobile exception to the Fourth Amendment's warrant requirement. Accordingly, **IT IS ORDERED** that the Defendant's motion to suppress [DE 22] is **DENIED.**

This the 14th day of July, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge