# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. |
| ) | 5:21-cr-00018-DCR-MAS |
| v. ) | and |
| ) | Civil Action No. |
| JYMIE S. SALAHUDDIN, ) | 5:23-cv-00294-DCR-MAS |
| ) | |
| Defendant/Movant. ) | |
| ) | |

## REPORT & RECOMMENDATION

This matter is before the undersigned on Petitioner Jymie Salahuddin's ("Salahuddin") Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. Salahuddin challenges both the legal merits of the suppression issue addressed by the Court and Sixth Circuit as well as claims his trial counsel was ineffective on several grounds. [DE 81]. The United States responded in opposition. [DE 85]. After thoroughly reviewing the record in its entirety, the Court recommends Salahuddin's motion be denied for the reasons stated below.

### I.    RELEVANT FACTUAL BACKGROUND

On February 24, 2021, Salahuddin was indicted by the grand jury on three counts: (1) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (3) previously convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

1

The circumstances surrounding the charges are set forth in the Sixth Circuit's opinion.

> According to testimony provided at the suppression hearing, Officer Webster saw Salahuddin's vehicle in a La Quinta hotel parking lot. He recognized Salahuddin's car based on information he received from his beat partner, Officer True, who had run Salahuddin's vehicle tags and learned that Salahuddin had an arrest warrant for a probation or parole violation. Officer Webster also thought the individual in the car matched Salahuddin's description and picture on a law enforcement website. Thus, when Salahuddin then exited the parking lot, Officer Webster followed, intending to conduct a traffic stop based on the arrest warrant. Salahuddin eventually pulled over at a gas station and proceeded to give Officer Webster false information as to his identity. Salahuddin claimed that someone at the hotel could vouch for his identity, so Officer Webster, who was eventually joined by Officer True, locked Salahuddin's car and drove him back to the hotel. While at the hotel, the officers were able to confirm Salahuddin's identity, and they arrested him pursuant to the arrest warrant. Incident to the arrest, Officer Webster conducted a search of Salahuddin's person and seized cocaine, a glass pipe, and about $3,700. Based on that evidence, Officers Webster and True returned to Salahuddin's car at the gas station and performed an automobile search, finding two loaded firearms.

[DE 79, Page ID# 404-05].

As referenced by the Sixth Circuit, Salahuddin challenged the warrantless search of his vehicle. [DE 22]. After a hearing [DE 31], the Court denied his motion [DE 32].

Salahuddin entered into a plea agreement with the United States. [DE 35]. Per that agreement, Salahuddin agreed to plead guilty to Count 1 and entered a conditional guilty plea on Count 2 subject to his appeal of the suppression decision. [DE 35]. The United States agreed to dismiss Count 3 at sentencing. [DE 35]. According to the Judgment entered on October 13, 2021, Salahuddin was sentenced to a total term of 262 months of imprisonment. [DE 46].

Salahuddin appealed the decision to the Sixth Circuit challenging the suppression ruling. [DE 47]. The Sixth Circuit, based upon the automobile exception to a warrantless search, affirmed suppression decision. [DE 79].

On October 19, 2023, only a few months after the Sixth Circuit's decision, Salahuddin timely filed this habeas petition. [DE 81].

## II. ANALYSIS

In his petition, Salahuddin asserts four grounds for relief. The first two grounds concern the suppression issue while the latter two assert claims of ineffective assistance of counsel. The Court will address the suppression grounds before turning to the ineffective assistance of counsel grounds.

### A. SUPPRESSION GROUNDS

The first two grounds overlap as both challenge whether law enforcement properly searched his vehicle. In Ground 1, Salahuddin alleges that "[l]aw enforcement did not have probable cause to conduct a warrantless search of the vehicle and that the evidence founds should therefore be suppressed." [DE 81, Page ID# 412. In Ground 2, he continues that "[t]he search of the vehicle cannot be justified as a search incident to arrest because I was detained and handcuffed at a different location when officers decided to search the vehicle." [Page ID# 414].

Salahuddin has made these same arguments before. As the Sixth Circuit described, "[o]n appeal, Salahuddin argues that law enforcement did not have probable cause to conduct a warrantless search of his vehicle and that the evidence found should therefore be suppressed. He further argues that the search cannot be justified as a search incident to arrest because he was detained and handcuffed when

3

the officers decided to search the vehicle." [DE 79, Page ID# 405]. In the end, the Sixth Circuit rejected these arguments. "The district court properly examined the totality of circumstances and concluded those circumstances provided probable cause to believe that evidence of a drug offense would be found in the vehicle. Therefore, the district court did not err in concluding that the automobile exception applied." [DE 79, Page ID# 406–07].

The arguments Salahuddin now raises through his habeas petition mirror those he litigated in his direct appeal before the Sixth Circuit. "It is . . . well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996) and *Davis v. United States*, 417 U.S. 333, 345, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)). Salahuddin neither cites any exceptional circumstances or intervening change of law nor is any apparent on the face of his petition. Consequently, he is not permitted to relitigate his case through his habeas petition.

The Court should deny Salahuddin's requests in Grounds 1 and 2.

B.   **INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS**

Salahuddin's remaining two grounds assert claims of ineffective assistance of counsel against Salahuddin's trial counsel, Brandi Lewis ("Lewis"). Although listed as two grounds, the allegations actually include several claims. The Court lists the allegations against Lewis as follows: (1) failing to object to the Presentence Investigation Report ("PSIR") [DE 81, Page ID# 417]; (2) failing to object to the

4

"erroneous statements" of the United States at sentencing [DE 81, Page ID# 417]; (3) failing to obtain fingerprints on the firearm [DE 81, Page ID# 417]; (4) failing to challenge the overly long sentence [DE 81, Page ID# 417]; (5) failure to challenge the career offender enhancement at sentencing [DE 81, Page ID# 417]; (6) coerced Salahuddin into taking a plea on the suggestion he would get less time [DE 81, Page ID# 417]; and (7) failing to challenge Count 1 as Salahuddin only intended to use the cocaine as opposed to distributing the narcotic [DE 81, Page ID# 418]

1. **Legal Standard**

Under § 2255, a federal prisoner may obtain relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). A constitutional basis for § 2255 relief requires "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Any non-constitutional error must constitute a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990). A § 2255 movant typically must prove

any factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

One class of alleged constitutional error is ineffective assistance of counsel in violation of the Sixth Amendment. The standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims. To prevail, a movant must prove (1) that defense counsel's performance was deficient, and (2) that the demonstrated deficiency prejudiced the movant. *Id*. at 687. To establish deficient performance, a movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687–88. "Judicial scrutiny of counsel's performance must be highly deferential", and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. A prejudice showing requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id*. at 694–95. The Court "must consider the totality of the evidence" in assessing prejudice. *Id*. at 695. To satisfy the prejudice prong "[i]n a guilty plea context 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The movant must satisfy both prongs of the *Strickland* analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Id*. at 730; *Strickland*, 466 U.S. at 697.

**2.     Conclusory Allegations**

Before turning to each argument, the Court must first emphasize the conclusory nature of Salahuddin's allegations. Although Salahuddin has asserted multiple grounds in support of his habeas petition, the substance of those grounds is often contained in a mere sentence or phrase. The Court is left guessing or speculating about the detailed basis of Salahuddin's arguments or any support for those arguments.

To reach the Strickland analysis, Salahuddin must present more than conclusory statements. *See Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1996) (acknowledging that conclusory statements are insufficient to warrant habeas relief). *See also Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (holding that a "conclusory statement" without more is "wholly insufficient to raise the issue of ineffective assistance of counsel"). Thus, where Salahuddin has not provided any detail to support or even comprehend his claims, those claims should be dismissed. *See Johnson v. United States*, 457 Fed. App'x 462, 466-67 (6th Cir. 2012); *United States v. Domenech*, No. 1:06-CR-245-2, 2013 WL 3834366, at *2 (W.D. Mich. July 24, 2013).

For example, Salahuddin argues that his counsel "failed to object to the validity of the [PSIR]". [DE 81, Page ID# 417]. Yet, Salahuddin never explains what objections Lewis should have made or what procedural/legal/factual complaints Salahuddin possessed about the PSIR. Similarly, Salahuddin alleges the Lewis should have objected to the "erroneous statements of the 'stand in' prosecutor at sentencing." [DE 81, Page ID# 417]. Salahuddin, again, does not provide any detail

7

of what statements he found that were erroneous or how such statement prejudiced him.

To the extent Salahuddin's claims are conclusory, such as those described above, the Court should dismiss those claims. The Court cannot invent a constitutional violation from conjecture and guesswork.

### 3. Salahuddin's Remaining Claims of Ineffective Assistance of Counsel

Although many of Salahuddin's claim lack the detail to permit the Court to conduct a fulsome inquiry, the Court will make its best efforts to discern Salahuddin's remaining arguments.

For example, Salahuddin argues Lewis was ineffective because she failed "to obtain fingerprints of the firearms in question." [DE 81, Page ID# 417]. The United States responds that there is absolutely no legal justification for Lewis taking such actions. [DE 85, Page ID# 436]. The Court agrees. The firearms found in Salahuddin's car are attributed to him legally even if there were no fingerprints on the firearms. Under the legal concept of constructive possession, because the firearms were in Salahuddin's car and he had control over the car and firearms, he is deemed to be in construction possession. *See United States v. Frederick*, 406 F.3d 754, 760 (6th Cir. 2005). The fingerprints had no legal significance. Lewis is not required to conduct superfluous investigations. *See United States v. Martin*, 45 Fed. App'x. 378, 381 (6th Cir. 2002) (discussing that one's counsel cannot provide deficient performance by failing to raise wholly meritless claims) (citing *Strickland v. Washington*, *supra* at 688).

8

Salahuddin next complains that Lewis did not argue for a lesser sentence "due to age and other factors." [DE 81, Page ID# 417]. However, the record reflects that Lewis did, in fact, make that argument. "I know in my sentencing memo I asked for 120 months, which some may say that's unreasonable. But if that's imposed, he would be approximately 63 when he gets out." [DE 63, Page ID# 339]. However, the Court disagreed. "Counsel does not fall below [*Strickland*] standard by failing to prevail when arguing a debatable point to the court." *Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009). A finding of deficiency requires the petitioner "prove that counsel's representation was not merely below average, but rather that it 'fell below an objective standard of reasonableness.'" *United States v. Dado*, 759 F.3d 550, 563 (6th Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). Courts "employ a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). Salahuddin's argument falls well short.

Salahuddin also contends that Lewis did not do enough to challenge his career criminal designation because his "first predicate [conviction] that was used was nearly 3 decades old." [DE 81, Page ID# 417]. Although somewhat more complicated, this argument also lacks any legal merit. Under the United States Sentencing Guidelines, a defendant is a career offender if he meets certain requirements, including "two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2018). Unquestionably, Salahuddin has two

9

prior convictions for trafficking in 1994 and 2008 that qualify as controlled substance offenses. [DE 49, Page ID# 197, 201]. Salahuddin avers that the 1994 conviction should not be included because any sentence more than fifteen years prior to the instant offense must be excluded. [DE 81, Page ID# 417].[1] However, the United States Sentencing Guidelines also provide that a conviction is included in the fifteen-year limitation if the conviction "resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e). As indicated in the PSIR, Salahuddin last served time for the 1994 conviction in 2009, well within the fifteen-year period of consideration. Thus, Salahuddin clearly meets the requirements for career offender status. Again, Lewis is not required to make arguments that have no legal merit. *United States v. Martin*, 45 Fed. App'x. 378, 381 (6th Cir. 2002) (discussing that one's counsel cannot provide deficient performance by failing to raise wholly meritless claims) (citing *Strickland v. Washington*, *supra* at 688).

Next, Salahuddin alleges Lewis coerced him into pleading guilty on the promise that he "would get less time". [DE 81, Page ID# 417]. "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal" because of the "strong presumption of verity" of the

---

[1] Salahuddin does not cite the fifteen-year limit set forth in U.S.S.G. § 4A1.2(e), but Lewis indicates this was the basis of the disagreement in her affidavit. [DE 85-1, Page ID# 446–47].

statements made under oath during the plea colloquy." *Id.* at 74. And "[c]ourts should not upset a plea [or verdict] solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 582 U.S. 357, 368, 137 S. Ct. 1958, 1967 (2017). Rather, "[j]udges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.*; *see also Neill v. United States*, 937 F.3d 671, 679 (6th Cir. 2019) ("[W]e must 'look to contemporaneous evidence to substantiate a defendant's expressed preferences.'" (quoting *Lee*, 137 S. Ct. at 1967)). Here, Salahuddin repeatedly represented at sentencing that he was entering into the guilty plea knowingly and voluntarily and not based upon promises outside of the plea agreement.

> THE COURT: Mr. Salahuddin, do you think there's something else that you have agreed to do or the government's agreed to do that's not reflected in this plea agreement?
>
> THE DEFENDANT: No, sir.

[DE 60, Page ID# 295]. Like in so many cases before, the Court cannot ignore sworn statements at the rearraignment in favor of later, conclusory statements to the contrary of some other promise between Salahuddin and Lewis.

Finally, Salahuddin argues that Lewis should have challenged Count 1 of the Indictment charging him with possession with intent to distribute as Salahuddin "only possessed the drugs for use" and there were no controlled purchases. [DE 81, Page ID# 418]. Like with the prior argument, Salahuddin's argument is wholly without merit. When arrested, Salahuddin was found with over 79 grams of cocaine. [DE 35, Page ID# 126; DE 49, Page ID# 194]. The Sixth Circuit has repeatedly held

11

that far, far lesser amounts are indicative of distribution activities. *See, e.g., United States v. Neal*, 817 F. App'x 148, 150–51 (6th Cir. 2020) (holding that 1.5 grams of cocaine "was more than one would reasonably expect from a recreational user"). Moreover, controlled purchases are not necessary. *United States v. Conway*, No. CR 17-43-DLB-CJS, 2018 WL 5986736, at *5 (E.D. Ky. Nov. 13, 2018) ("Simply put, while pre-arrest investigatory tactics such as controlled buys and the use of confidential informants are common in drug cases, they are not the exclusive means by which a prosecutor may prove a defendant guilty of a drug offense. Rather, evidence of drug trafficking obtained during or after an arrest can—and often is—sufficient to convict a defendant of drug trafficking. Indeed, countless examples exist of courts upholding guilty verdicts in cases just like this one, where the only evidence of the defendant's drug trafficking activity came from a routine traffic stop."). As with the prior argument, failure by Lewis to raise meritless claims does not meet *Strickland's* requirements.

In summary, the Court should deny Salahuddin's requested relief on these grounds.

### III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force

to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Salahuddin has asserted four grounds in his petition, the first two seeking suppression of certain evidence and the last two presenting several claims for ineffective assistance of counsel. For the first two grounds seeking suppression, Salahuddin raised theses same arguments on his direct appeal to the Sixth Circuit, and the Sixth Circuit rejected those arguments. Salahuddin is not permitted to relitigate his case once more through his habeas petition. For the claims of ineffective assistance of counsel, many of Salahuddin's allegations are conclusory and provide no detail. Many other claims involve arguments that plainly lack legal merit.

Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

### IV. <u>CONCLUSION</u>

For the reasons stated herein, the Court **RECOMMENDS**:

1) The District Court **DENY**, with prejudice, Salahuddin's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 81]; and

2) The District Court **DENY** a certificate of appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 30th day of January, 2024.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY