UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 21-018-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 23-294-DCR |
| | ) | |
| JYMIE S. SALAHUDDIN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

*** *** *** ***

Defendant/Movant Jymie Salahuddin was charged with possessing a mixture or substance containing cocaine with the intent to distribute it (Count 1), possessing a firearm in furtherance of a drug trafficking crime (Count 2), and possessing a firearm as a convicted felon (Count 3). Salahuddin filed a motion to suppress evidence seized from his car incident to his arrest but that motion was denied. [Record No. 32] He subsequently pleaded guilty to Counts 1 and 2 and was sentenced on October 12, 2021, to a total of 262 months' imprisonment. [Record No. 46] Count 3 was dismissed at the time of sentencing.

Salahuddin appealed the denial of his motion to suppress, but the United States Court of Appeals for the Sixth Circuit affirmed this Court's decision. [Record No. 79] The defendant subsequently filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 81] Salhuddin continues to argue that the evidence seized from his vehicle should have been suppressed and he claims that his attorney, Brandi Lewis, provided ineffective assistance.

- 1 -

Consistent with local practice, Allen's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). United States Magistrate Matthew A. Stinnett reviewed the motion and issued a Report and Recommendation ("R & R") recommending that Allen's motion to vacate be denied. [Record No. 86] Salahuddin has not filed objections to the R & R within the time provided.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which timely objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Despite Salahuddin's failure to file objections to the Magistrate Judge's determinations, the Court has reviewed the R & R *de novo* and agrees that the defendant's motion should be denied.

## I.

Salahuddin presents four grounds for relief—two of which are clearly meritless. He contends that "[t]he evidence should have been supp[r]essed by the Court due to a warrantless search" and "[t]he search of the vehicle cannot be justified as a search incident to arrest because [he] was detained and handcuffed at [a] different location when officers decided to search the vehicle." Salahuddin previously challenged the legality of the warrantless search of his automobile on appeal, but the Sixth Circuit affirmed this Court's decision, concluding that this Court appropriately determined that there was probable cause to believe that evidence of a drug offense would be found in the vehicle. Specifically, the court of appeals found that this Court did not err in concluding that the automobile exception applied. [Record No. 79, pp. 3-4]

A § 2255 motion cannot be used to relitigate already-rejected issues absent a showing of highly exceptional circumstances or an intervening change in the law. *Cisneros v. United States*, 2021 WL 4270885, at *3 (6th Cir. Jan. 28, 2021) (citing *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999)).  Neither of these requirements have been satisfied in this case. Therefore, these claims do not constitute the basis for any relief.

## II.

Salahuddin alleges in his remaining two claims that his attorney, Brandi Lewis, provided constitutionally ineffective assistance.  To establish a claim for ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that counsel's deficient performance prejudiced him. *Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  The first prong requires a showing that counsel made errors so serious that counsel was not functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.*  The second prong requires a showing that counsel's errors were so serious that they deprived the defendant of fair proceedings. *Id.* To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Salahuddin argues in ground three:

My [attorney] Brandi Lewis failed to obtain fingerprints of the firearms in question, failed to object to the validity of the PSI.  Coerced me into taking a plea saying that I would get less time if I did so.  Failed to object to the erroneous statements of the "stand in" prosecutor at sentencing.  Failure to challenge status of career offender.  Failure to argue that my first predicate that was used was nearly 3 decades old.  And that the district court erred in sentencing me to 262 months when a shorter sentence would be "sufficient" due to age and other factors.

Some of these assertions can be disposed of in short order, as they are wholly conclusory. For instance, Salahuddin does not satisfactorily allege that Lewis was ineffective for failing to object to the "validity of the PSI" when he does not identify any particular portion of the presentence investigation report he believes was in error. Likewise, he does not indicate what statements the prosecutor made during the sentencing hearing he believes were objectionable.

Next, Salahuddin's suggestion that Lewis should have hired an independent expert to conduct a fingerprint analysis on the seized firearms also is without merit. He does not affirmatively state that the firearms were not his, that someone else handled them, or otherwise indicate how such an analysis would have changed the outcome of his case. Further, there is no indication that any useful evidence would be yielded from such an analysis. *See e.g., United States v. Castle*, 625 F. App'x 279 (6th Cir. Aug. 31, 2015) (detective testified that, in his experience, finding fingerprints on firearms is "exceptionally rare"); *United States v. Mosely*, 339 F. App'x 568, 574 (6th Cir. 2009) (forensic technician testified that she was unable to lift fingerprints from 98 percent of firearms she processed); *United States v. Bugg*, 105 F. App'x 25, 26 (6th Cir. June 29, 2004) (ATF agent testified that firearms do not maintain fingerprints well).

Salahuddin's arguments regarding his career offender status fare no better. The defendant suggests that his 1994 conviction for drug trafficking should not count as a predicate for purposes of § 4B1.1 due to its age. However, Salahuddin was imprisoned for this conviction during the 15 year period preceding the offenses of conviction. Thus, the 1994 conviction still counts under § 4B1.1. *See* § 4A1.2(e). Further, Salahuddin had two additional, more recent prior felony convictions for controlled substance offenses, so the oldest conviction

was not even essential to the Court's conclusion that Salahuddin is a career offender under U.S.S.G. § 4B1.1.

Finally, Salahuddin has not demonstrated that Lewis performed deficiently by coercing him to accept a guilty plea.  Lewis has tendered an affidavit disputing that she did so and indicating that Salahuddin *chose* to plead guilty, as he confirmed in open court during the plea colloquy.  Salahuddin advised the Court that he had fully reviewed the plea agreement and had ample time to discuss it with Lewis.  After reviewing the factual allegations of the Counts 1 and 2, Salahuddin admitted that he was guilty of both charges.

"Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Based on the evidence seized from the search of Salahuddin's automobile and the subsequent denial of his motion to suppress, the evidence against him was strong.  And it is likely that he *did* receive a lower sentence than he would have had he proceeded to trial, since he received a three-point reduction to his offense level based on acceptance of responsibility.

Salahuddin argues in ground four that

> [t]he counsel was ineffective in failing to fight or challenge the offense of possession with the "intent" to distribute a mixture or substance containing a detectable amount of cocaine. . . . I only possessed the drug for use.  There was no intent to sell anything to anyone.  There's no codefendant nor record of a control[led] buy or attempt to sell.

But an attorney is not required to raise every possible argument simply because a defendant demands it, as it is within counsel's professional judgment as to what arguments to make.  *See Franklin v. United States*, 2023 WL 2466355, at *8 (M.D. Tenn. Mar. 10, 2023)

(citing *Garza v. Idaho*, 586 U.S.—, 139 S. Ct. 738, 746 (2019); *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).  And counsel certainly is not required to raise frivolous issues to avoid a charge of ineffective representation.  *See Krist v. Foltz*, 804 F.2d 944, 946 (6th Cir. 1986).

Regardless, when Salahuddin was searched incident to his arrest, Officer Webster seized 80 grams of cocaine, stored in various plastic bags, as well as $3,700, from Salahuddin's pockets.  Webster testified at the suppression hearing that this amount of cocaine is consistent with trafficking as opposed to personal use.  [Record No. 32, p. 4]  *See United States v. Neal*, 817 F. App'x 148, 151 (6th Cir. 2020) (upholding district court's adoption of agent's testimony that 1.5 grams of cocaine "was more than one would reasonably expect from a recreational user").  While there is no bright line rule regarding what constitutes a trafficking amount of cocaine, Salahuddin does not identify any basis upon which counsel could have seriously asserted that he possessed 80 grams of cocaine for personal use.[1]

### III.

Finally, the Court declines to issue a certificate of appealability.  *See* Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability may be issued only when the defendant makes "a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  To satisfy that burden, Salahuddin is required to show that reasonable jurists could debate whether the motion should have been resolved differently or

---

[1]   The Court recognizes that the street value of controlled substances varies considerably.  However, to illustrate the likely high street value of 80 grams of cocaine, the Court refers to *United States v. Wilkerson*, a matter which originated in Lexington, Kentucky in 2019.  2021 WL 2929721 (6th Cir. July 12, 2021).  In that case, a federal agent testified at the sentencing hearing that the 12 grams of cocaine the defendant possessed was a drug trafficking quantity with a street value of $500 to $600 dollars.  The Court notes that Salahuddin was unemployed at the time of his arrest.  When he was employed the year prior, his monthly income was $1,000 to $1,500.  This further discredits the notion that Salahuddin kept 80 grams of cocaine on hand for personal use.

that the issues involved "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not debate the conclusions reached herein. The majority of Salahuddin's arguments regarding counsel's performance are nothing more than conclusory allegations that counsel should have performed differently. Without more specific allegations or a showing of how the defendant was prejudiced by counsel's performance, these claims cannot proceed further. Additionally, Salahuddin stated in open court during his re-arraignment hearing that he desired to plead guilty because he was guilty and that he was fully satisfied with counsel's performance. Such declarations are not taken lightly and the defendant has not tendered any information to overcome those statements.

**IV.**

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.     The Report and Recommendation of the United States Magistrate Judge [Record No. 86] is **ADOPTED** and **INCORPORATED** here by reference.

2.     The defendant/movant's motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 [Record No. 81] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3.     A Certificate of Appealability will not issue.

Dated: February 15, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky